UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:16-CR-00028-GNS-1

UNITED STATES OF AMERICA  PLAINTIFF

v.

STEVEN ALLEN PRITCHARD  DEFENDANT

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion in Limine (DN 64). For the reasons set forth below, the motion is **DENIED**.

### I. **BACKGROUND**

On November 9, 2016, a grand jury returned a two-count indictment against Defendant, charging him with arson and mail fraud. (Superseding Indictment 1-2, DN 31). In particular, count one states that Defendant violated 18 U.S.C. § 844(i) when he, acting with Brandi Pritchard ("Brandi"), "maliciously damaged and destroyed" Brandi's house "by means of fire . . . ." (Superseding Indictment 1). Count two indicates that Defendant violated 18 U.S.C. §§ 2, 1341 when he assisted Brandi in fraudulently applying for and receiving insurance proceeds for losses that the fire allegedly caused. (Superseding Indictment 2).

Based on the indictment, the United States prepared to prosecute Defendant, and in doing so, learned that Defendant may have implemented a similar arson/mail fraud scheme on three prior occasions. Specifically, the United States discovered that Defendant allegedly set fire to the following structures or items "in order to obtain insurance proceeds": (1) "the residence of David Newcomb" (the "Newcomb Fire"); (2) a "2009 G8 Pontiac of Whitney Clark" (the "Clark

1

fire"); and (3) "the residence of Tena Dishman (now Tena Gowens) (the "Gowens fire")" (collectively, the "prior acts"). (Def.'s Mot. Lim. Attach. 1-2, DN 64-1).

Thereafter, the United States notified Defendant that it intended to introduce evidence of the prior acts. In response, Defendant moved to exclude that evidence pursuant to Fed. R. Evid. 404(b). (Def.'s Mot. Lim. Attach. 1-2; Def.'s Mot. Lim. 3-9, DN 64). In his motion, Defendant argued that the United States lacks evidence sufficient to show that Defendant committed the prior acts, and that it seeks to admit what little evidence it has for an improper purpose: showing Defendant's propensity to commit arson and mail fraud. (Def.'s Mot. Lim. 5-6). Defendant also claimed that the evidence must be excluded because its probative value is substantially outweighed by its prejudicial effect. (Def.'s Mot. Lim. 8).

The United States responded to Defendant's motion, arguing that the prior act evidence should be admitted because it intends to offer such evidence for permissible purposes. In particular, the United States asserted that evidence establishing that Defendant initiated the Gowens fire is admissible as *res gestae* evidence. (Pl.'s Resp. Def.'s Mot. Lim. 2-3, DN 65). Further, the United States argued that evidence of each of the prior acts is admissible under Fed. R. Evid. 404(b)(2) because it suggests that Defendant committed the charged offenses: (1) intentionally, (2) as part of a "common scheme or plan that [Defendant] had performed before," and (3) without mistake. (Def.'s Mot. Lim. Attach. 2). The motion is ripe for adjudication.

## II. DISCUSSION

The United States argues that evidence of the prior acts is admissible in whole or in part for two reasons: *res gestae* and Rule 404(b)(2). Each argument is addressed below.

A.  *Res Gestae*

The United States contends that evidence showing that Defendant committed the Gowens fire is admissible as *res gestae* evidence. Specifically, it avers that the evidence provides a prelude to the charged offense because Brandi "will testify that part of the reason she agreed to allow [Defendant] to set fire to her house is because of a conversation she had with Ms. Gowens" wherein "Ms. Gowens suggested that [Brandi] allow [Defendant] to burn her house down in order to collect insurance proceeds because she had had similar success with the same scheme just a few months prior . . . ." (Pl.'s Resp. Def.'s Mot. Lim. 2-3).

The Court will permit the United States to present evidence of the Gowen fire as *res gestae* evidence. According to Brandi's anticipated testimony, evidence of the Gowen fire is causally and temporally related to—and, therefore, "inextricably intertwined with"—the charged offense. *See United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) (noting that *res gestae* evidence must have a "causal, temporal or spatial connection with the charged offense"); *see also United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015) (reasoning that district court did not abuse discretion when it admitted evidence showing the defendant had previously implemented the mail fraud scheme he was charged with because evidence showed that the prior scheme was causally and temporally related to the pending charges).

B.  **Rule 404(b)**

The United States also asserts that evidence showing that Defendant committed the prior acts is admissible pursuant to Rule 404(b)(2). Generally, "[e]vidence of a crime, wrong, or other act is not admissible to prove" that a person has a propensity to act in a certain manner; but under Rule 404(b)(2), such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of

3

accident." Fed. R. Evid. 404(b)(2). Sixth Circuit precedent holds that courts may admit prior act evidence under Rule 404(b)(2) if: (1) there is sufficient evidence that the prior act occurred, (2) the proponent of the evidence offers it for a permissible purpose, and (3) the prejudicial effect of the evidence is not substantially outweighed by its probative value. *See United States v. Joseph*, 270 F. App'x 399, 404 (6th Cir. 2008) (citation omitted); *United States v. Gessa*, 971 F.2d 1257, 1261 (6th Cir. 1992). The Court will address each inquiry in turn.

1. *Sufficiency of Evidence*

First, the Court must determine whether there is sufficient evidence that the prior acts occurred. The United States represents that it intends to call two witnesses who will testify that Defendant admitted to starting the prior fires for the purpose of collecting insurance proceeds. (Pl.'s Resp. Def.'s Mot. Lim. 1-2). Such testimony is sufficient to permit a "jury [to] reasonably conclude that the [prior fires] occurred and that the defendant was the actor," and, therefore, the first element is satisfied. *See United States v. Thompson*, 690 F. App'x 302, 307 (6th Cir. 2017) (quoting *Huddleston v. United States*, 485 U.S. 681, 689 (1988)) (noting that the Rule 404(b) sufficiency standard is "not rigorous").

2. *Proper Purpose*

Next, the Court must address whether the United States has offered the prior acts evidence for permissible purposes. With respect to this inquiry, the United States claims that it intends to use the prior-fire evidence to show that Defendant initiated the fire described in the superseding indictment: (1) intentionally, (2) as part of a "common scheme or plan that [Defendant] had performed before, namely setting fires to property in order to induce insurance payments," and (3) without mistake. (Def.'s Mot. Lim. Attach. 2).

4

a. **Intent**

According to its filings, the United States plans to introduce evidence of the prior fires to establish that Defendant acted intentionally when he set fire to Brandi's house in order to collect insurance proceeds. (Pl.'s Resp. Def.'s Mot. Lim. 5). The Sixth Circuit has long held that where the elements of a charged offense require the United States to prove that the defendant committed that offense intentionally, "other acts evidence may be introduced under Rule 404(b)" to prove the defendant's intent. *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994) (reasoning that prior act evidence is admissible to show the defendant acted with specific intent); *United States v. Benford*, 983 F.2d 1069, 1993 WL 8154, at *4 (6th Cir. 1993) (concluding that the United States may use prior act evidence to show the defendant's general intent).

Here, the United States has charged Defendant with arson and mail fraud, both of which require the United States to show that Defendant committed an intentional act.[1] That said, the United States may use the prior act evidence to show that Defendant intentionally set fire to Brandi's house in order to defraud another.

b. **Common Scheme or Plan**

Further the United States intends to introduce evidence of the prior schemes to show that the offenses and events described in the indictment are part of Defendant's "common scheme of plan" of "setting fires to property in order to induce insurance payments." (Pl.'s Resp. Def.'s

---

[1] The federal arson statute requires the United States to establish that Defendant, while acting with malicious intent, damaged a building in interstate commerce by means of fire. 18 U.S.C. § 844(i); *see United States v. Thompson*, 580 F. App'x 179, 180 (4th Cir. 2014) (noting that the federal arson statute prohibits individuals from burning structures with "malicious intent"); *United States v. Rayborn*, 495 F.3d 328, 338 (6th Cir. 2007) (finding sufficient evidence to support the defendant's conviction because the evidence showed that the defendant "set the fire intentionally"). Further, to convict Defendant for mail fraud, the United States must show: "(1) a scheme or artifice to defraud; (2) use of mails in furtherance of the scheme; and (3) intent to deprive a victim of money or property." *Rayborn*, 495 F.3d at 338 (internal quotation marks omitted) (citation omitted).

Mot. Lim. 5). In *United States v. Logan*, Nos. 97-5912, 97-5914, 1999 WL 551353, at *17 (6th Cir. July 19, 1999), the Sixth Circuit affirmed the trial court's decision to admit evidence showing that the defendant had previously burned buildings to procure insurance payments, reasoning that the prior acts were highly similar to the charged offenses and, therefore, were admissible "for the relevant purpose of showing a 'common plan . . . .'" *Id.*; *see also United States v. Curtis*, No. 4:14CR0110, 2014 WL 6673850, at *7 (N.D. Ohio Nov. 24, 2014) (finding no error in the admission of evidence showing that the defendant had previously burned buildings to collect insurance proceeds because the prior acts were similar to the charged offenses).

As in *Logan*, the prior schemes evidenced by the United States' proposed evidence are highly similar to the charged offenses, and, therefore, this evidence of the prior schemes is admissible to show that Defendant committed the charged offense as part of a common plan. Indeed, according to the United States' proffer, Defendant set fire to three residences and one automobile within three and half years, and, on each occasion, he did so for the purpose of collecting insurance proceeds. (Def.'s Mot. Lim. Attach. 1-2). Given the apparent similarity between the prior acts and charged offense, the Court will allow the United States to use evidence of the prior schemes to show that Defendant committed the charged offenses as part of a common plan.

### c. Absence of Mistake

The United States also seeks to introduce evidence of the prior fires to show that Defendant did not engage in the conduct described in the indictment by mistake. (Pl.'s Resp. Def.'s Mot. Lim. 4-5). It reasons that the evidence "will show that [Brandi's] house burned not because of [a] mistake [,] but because [Defendant] intentionally set the house on fire so that [he] could benefit from a fraudulent insurance claim." (Pl.'s Resp. Def.'s Mot. Lim. 5).

The Court will not permit the United States to use the prior-fire evidence for this purpose. The Sixth Circuit has explained that, "for other acts evidence to be admissible for the purpose of showing absence of mistake or accident, the defendant must assert a defense based on some type of mistake or accident." *United States v. Bell*, 516 F.3d 432, 442 (6th Cir. 2008) (citations omitted). Presently, Defendant has not asserted that Brandi's house caught fire by mistake, and, as such, the United States may not use the prior-fire evidence to show lack of mistake.[2]

### 3. *Rule 403*

Finally, the Court must determine whether the proffered evidence is admissible under Rule 403. *Joseph*, 270 F. App'x at 404 (citation omitted). Under Rule 403, courts must exclude otherwise admissible evidence—such as the prior-fire evidence—if its probative value is substantially outweighed by its prejudicial effect. *See* Fed. R. Evid. 403.

The Court finds that the probative value of the evidence is equal to its prejudicial effect, and, therefore, will not exclude it under Rule 403. Indeed, as Defendant argues, the evidence of the prior acts is highly prejudicial to him because those acts are so similar to the charged offenses. (Def.'s Mot. Lim. 7-8). As already noted, however, the prior acts are quite similar to the charged offenses, and this similarity is precisely what makes evidence of the prior acts so probative. Thus, Rule 403 does not bar admission of evidence of the prior acts.

### III. CONCLUSION

In sum, the United States may offer evidence of the Gowens fire as *res gestae* evidence, and it may produce evidence of each of the prior acts to demonstrate that Defendant committed the charged offenses intentionally or as part of a common scheme of plan. The United States may not, however, introduce evidence of the fires to demonstrate that Defendant committed the

---

[2] The Court notes that, if this case proceeds to trial and Defendant asserts that an accident caused the fire, the United States may be able to negate Defendant's assertion with prior act evidence.

7

fire without mistake, unless Defendant raises mistake as a defense. Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion in Limine (DN 64) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**

December 13, 2017

cc: counsel of record