Court Copy

FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
2018 JUL 12 PM 4:53

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:16-CR-00028-GNS

UNITED STATES OF AMERICA     PLAINTIFF

v.

STEVE ALLEN PRITCHARD     DEFENDANT

## JURY INSTRUCTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available to you in the jury room.

### I. GENERAL RULES CONCERNING JURY DUTY

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes

the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

### A. Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the Defendant has pled not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the Government tells the Defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that he is guilty, and this burden stays on the Government from start to finish. You must find the Defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable

G.S.

doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

### B. Evidence

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence you decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it

G.J.

deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

### C. Direct & Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### D. Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

G.S.

(a) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(b) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(c) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(d) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(e) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(f) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other

people. And then decide what testimony you believe, and how much weight you think it deserves.

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

### E. Lawyers' Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged. The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## II. RULES OF LAW

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

65

But before I do that, I want to emphasize that the Defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

### INSTRUCTION NO. 1: Multiple Charges

The Defendant has been charged with two crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

### INSTRUCTION NO. 2: Arson – 18 U.S.C. § 844(i)

1. **Arson Causing Death**

(1) Count 1 charges the Defendant with violating Title 18, United States Code, Section 844(i), which makes it a crime for a person to maliciously damage or destroy any real or personal property used in or affecting interstate or foreign commerce, resulting in the death of a public safety official performing duties as a direct and proximate result of the fire.

(2) For you to find the Defendant guilty of this crime, you must be convinced beyond a reasonable doubt that the Government has proven each of the following elements beyond a reasonable doubt:

   (A) That the Defendant maliciously damaged or destroyed the building located at 3043 Liberty Road in Columbia, Kentucky;

   (B) That the Defendant did so by means of fire; and

(C) That the building at 3043 Liberty Road, Columbia, Kentucky, was used in or affected interstate commerce.

(D) That Charles Sparks suffered death as a direct and proximate result of the fire.

(3) Now I will give you more detailed instructions on some of these terms.

(A) "Maliciously" means that the Defendant acted intentionally or with willful disregard of the likelihood that damage or injury would result from his acts.

(B) A piece of property is used in or affects interstate commerce if the property is being used as rental property. The defendant need not have been aware that rental property constitutes activity affecting interstate commerce for you to find him guilty. If you find that the building at 3043 Liberty Road, Columbia, Kentucky, was being used as rental property at the time of the fire, you may find that that building was being used in or affecting interstate commerce.

(C) A volunteer firefighter is a "public safety official."

(4) With respect to whether the Defendant's conduct caused Charles Sparks' death:

(A) The death of Charles Sparks resulted from the Defendant's conduct if the Defendant's conduct was a direct and proximate cause of Charles Sparks' death. The Defendant's conduct was a direct and proximate cause of Charles Sparks' death if it was a substantial factor in causing him to die, and he would not have died except for the Defendant's conduct.

(B) In this context, "substantial" means that the Defendant's conduct has such an effect in producing the death as to lead a reasonable person to regard his conduct as a cause of the death.

(5)     If you are convinced that the Government has proven all of these elements, say so by returning a guilty verdict on this charge and disregarding Instruction No. 1A.  If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge and must proceed to Instruction No. 1A.

**1A.    <u>Arson</u>**

(1)     If you find the Defendant not guilty of arson causing death to Charles Sparks or, if after making every reasonable effort to reach a unanimous verdict on that charge you find that you cannot agree, then you must go on to consider whether the Government has proven the lesser charge of arson.

(2)     The difference between this crime and the crime discussed in Instruction No. 1 is that, for this crime, the Government does not have to prove that the Defendant's crime of arson caused the death of Charles Sparks.  This is an element of the greater charge, but not of this charge.  For you to find the Defendant guilty of this charge, the Government must prove each and every one of the following elements beyond a reasonable doubt:

(A)     That the Defendant maliciously damaged or destroyed the building located at 3043 Liberty Road in Columbia, Kentucky;

(B)     That the Defendant did so by means of fire; and

(C)     That the building at 3043 Liberty Road, Columbia, Kentucky, was used in or affected interstate commerce.

(3)     For this charge, the definitions of "maliciously" and "interstate commerce" are the same as I described them to you in the charge described in Instruction No. 1.

(4) If you are convinced that the Government has proven all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty of this charge.

### INSTRUCTION NO. 2: Mail Fraud – 18 U.S.C. § 1341

(1) Count 2 of the indictment charges the Defendant with mail fraud. For you to find the Defendant guilty of mail fraud, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the Defendant knowingly participated in, devised, or intended to devise a scheme to defraud in order to obtain money or property, that is $50,000.00 of insurance proceeds;

(B) Second, that the scheme included a material misrepresentation or concealment of a material fact;

(C) Third, that the Defendant had the intent to defraud; and

(D) Fourth, that the Defendant used the mail or caused another to use the mail in furtherance of the scheme.

(2) Now I will give you more detailed instructions on some of these terms.

(A) A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

(B) The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless

10

indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

(C) An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

(D) A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

(E) To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financing loss to another or bringing about a financial gain to oneself.

(F) To "cause" the mail to be used is to do an act with knowledge that the use of the mail will follow in the ordinary course of business or where such use can reasonably be foreseen.

(3) If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the Defendant not guilty of this charge.

### INSTRUCTION NO. 3: Charts and Summaries – Not Admitted

During the trial you have seen counsel use summaries and charts which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

11

### INSTRUCTION NO. 4: Charts and Summaries – Admitted

During the trial you have seen or heard summary evidence in the form of charts and testimony. These summaries were admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

### INSTRUCTION NO. 5: Opinion Testimony

During the trial, you heard the testimony of David West, Dr. Thomas Hales, Jim Hunter, and Dr. Divyesh Bhakta, who testified as opinion witnesses.

You do not have to accept their opinions. In deciding how much weight to give their opinions, you should consider their qualifications and how they reached their conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness' testimony to believe, and how much weight it deserves.

### INSTRUCTION NO. 6: Testimony of a Witness Under Grant of Immunity or Reduced Criminal Liability

You have heard the testimony of Brandi Pritchard. You have also heard that she believes that she will receive a favorable sentencing recommendation in exchange for her cooperation.

For this reason, you may consider Brandi Pritchard's testimony with more caution than the testimony of other witnesses. Consider whether her testimony may have been influenced by her expectation of a favorable sentencing recommendation.

Do not convict the Defendant based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

INSTRUCTION NO. 7: Testimony of an Accomplice

You have also heard that Brandi Pritchard was involved in the same crimes that the Defendant is charged with committing. You should consider her testimony with more caution than the testimony of other witnesses.

Do not convict the Defendant based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

The fact that Brandi Pritchard has pleaded guilty to the crimes is not evidence that the Defendant is guilty, and you cannot consider this against the Defendant in any way.

INSTRUCTION NO. 8: Statement by Defendant

You have heard evidence that the Defendant, Steve Allen Pritchard, made statements in which the Government claims he admitted certain facts. It is for you to decide whether the Defendant made such a statement, and, if so, how much weight such statement deserves. In making these decisions, you should consider all of the evidence about such statement, including the circumstances under which the Defendant allegedly made it.

You may not convict the Defendant solely upon his own uncorroborated statement or admission.

INSTRUCTION NO. 9: Defendant's Testimony

A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or ~~present any evidence~~ C.S. cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the Government to prove the Defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

13

C.S.

## INSTRUCTION NO. 10: Other Acts of Defendant

You have heard testimony that the Defendant committed arsons other than the one charged in the indictment. If you find the Defendant did those acts, you can consider the evidence only as it relates to the Government's claim on the Defendant's common scheme or plan, lack of mistake, or accident. You must not consider it for any other purpose.

Remember that the Defendant is on trial here only for the alleged arson on June 30, 2011, not for the other acts. Do not return a guilty verdict unless the Government proves the crimes charged in the indictment beyond a reasonable doubt.

### III. JURY DELIBERATIONS

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split

10-2, or 2-10, or whatever your vote happens to be. That should stay secret until you are finished.

### A. Experiments, Research, Investigation, and Outside Communications

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the

15

judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

B. **Unanimous Verdict**

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the Defendant guilty of a particular count, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

C. **Duty to Deliberate**

Now that all the evidence is in—and once the arguments are completed—you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change you mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government proved the Defendant guilty beyond a reasonable doubt.

### D. Punishment

If you decide that the Government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

### E. Return of Verdict Form

I have prepared a verdict form that you should use to record your verdict as to each charge. The form reads as follows:

"We, the Jury, find the Defendant, Steve Allen Pritchard: Guilty_____ Not Guilty _____."

If you decide that the Government has proved a charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved a charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

17

F. **Verdict Limited to Charges Against this Defendant**

Remember that the Defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the Government has proved the crimes charged.

G. **Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the Defendant guilty beyond a reasonable doubt.

H. **Juror Notes**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of any evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.